








```
LMM    8/1/01    13:21
3:01-CV-01206    BANC OF AMERICA V. APOLLO FISHERIES
*18*
*OPPM.*
```

```
 1  JEFFRY A. DAVIS (Bar No. 103299)
    EVAN R. SOREM (Bar No. 185588)
 2  GRAY CARY WARE & FREIDENRICH LLP
    401 B Street, Suite 1700
 3  San Diego, CA 92101-4297
    Tel: 619-699-4791
 4  Fax: 619-699-2701
 5
    Attorneys for Defendants
 6  Apollo Fisheries Service, Inc., dba Blue
    Porpoise Marine
 7
```

01 AUG -1 AM 9:10

                UNITED STATES DISTRICT COURT

                SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANC OF AMERICA SPECIALITY FINANCE, INC., a North Carolina Corporation, successor-in-interest and formerly known as NATIONSCREDIT COMMERCIAL CORPORATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APOLLO FISHERIES SERVICE, INC. dba BLUE PORPOISE MARINE; NATALIE CINTAS-GLADNICK, an individual, and RONALD GLADNICK, an individual,<br><br>Defendants. | CASE NO. 01 CV 1206 BTM (LSP)<br><br>**OPPOSITION TO PLAINTIFF BANC OF AMERICA SPECIALTY FINANCE, INC.'S APPLICATION FOR EX PARTE WRIT OF POSSESSION AND TEMPORARY RESTRAINING ORDER**<br><br>Date:      TBA<br>Time:      TBA<br>Courtroom: 15<br>Honorable Barry T. Moskowitz |

   Defendant Apollo Fisheries Service, Inc., dba Blue Porpoise Marine ("Blue Porpoise"), hereby files this opposition ("Opposition") to Plaintiff Banc of America Specialty Finance, Inc.'s ("Specialty Finance") Application for Ex Parte Writ of

/////



Possession and Temporary Restraining Order (the "Ex Parte Application").

## I.

## THERE IS NO EMERGENCY JUSTIFYING EX PARTE RELIEF

By the Ex Parte Application, Specialty Finance seeks a writ of possession permitting the U.S. Marshal to take possession of certain Collateral, a temporary restraining order prohibiting Blue Porpoise from disposing of the Collateral pending levy upon the writ of possession, and a turnover order requiring that Blue Porpoise turn over the Collateral to Specialty Finance.[1] Specialty Finance indicates that this relief is needed on an ex parte basis because of "alleged facts" that Blue Porpoise is suffering from significant financial problems, Blue Porpoise sold Specialty Finance Collateral Out of Trust, Blue Porpoise may have utilized funds received from the sale of certain boat and engine collateral to pay other debts, and the Collateral is products that may be moved or concealed. None of the foregoing is correct.

First, while Blue Porpoise is suffering from some financial difficulty, Blue Porpoise has paid Specialty Finance in excess of $940,000 from the sale of Collateral since January 2000. A true and correct copy of the Blue Porpoise Quickbooks report showing such payments is attached as Exhibit A to the Declaration of Natalie Cintas-Gladnick (the "Gladnick Declaration") in Support

---

[1] All capitalized terms not defined herein shall have the meaning set forth in the Memorandum of Points and Authorities in Support of the Ex Parte Application.

of the Opposition, filed contemporaneously herewith. Second, Blue Porpoise has not sold any of Specialty Finance's Collateral Out of Trust. Rather, Blue Porpoise has consistently indicated to Specialty Finance that the approximately $98,080 in proceeds from the sale of Specialty Finance's Collateral would be remitted to Specialty Finance at the earliest possible time. Blue Porpoise has every intent of remitting this payment to Specialty Finance provided that Blue Porpoise obtains adequate assurances from Specialty Finance that Specialty Finance will forbear from any further pre-judgment collection activities. Blue Porpoise has segregated these funds and stands prepared to forward the funds to Specialty Finance at once. Third, Blue Porpoise has not utilized funds received from the sale of Specialty Finance's Collateral to pay other debts. Accordingly, the "alleged facts" set forth by Specialty Finance to support the relief sought by the Ex Parte Application do not exist. This Court should deny the relief sought by the Ex Parte Application on this basis.

Also, in the Ex Parte Application, Specialty Finance urges the Court to, at a minimum, grant a temporary restraining order, restraining Blue Porpoise from transferring, dissipating, disposing of or damaging any of the Collateral. Specialty Finance uses the same "alleged facts" to support this prayer for relief. Again, there is no reason to enter a temporary restraining order as there is no danger that Blue Porpoise will transfer, dissipate, dispose of or damage any of the Collateral without appropriately remitting or reserving the funds due to Specialty Finance. For the past eighteen months, Blue Porpoise has paid and continues to have every intent of paying the full

amount owing to Specialty Finance through sale of the Collateral and remittance of the funds directly to Specialty Finance.

## II.

## BLUE PORPOISE HAS JUST SIX ITEMS OF COLLATERAL IN ITS POSSESSION

In the Ex Parte Application, Specialty Finance indicates that there are at least nine items of Collateral in the possession of Blue Porpoise that Specialty Finance would like returned. Attached as Exhibit B to the Gladnick Declaration is an Inventory Checklist of the items of Collateral still held by Blue Porpoise. The first six items on the checklist are the items of Collateral still in Blue Porpoise's possession; the remaining three were sold to generate the $98,080 in proceeds referenced above. Therefore, Blue Porpoise has just six items of Collateral remaining in its posession at this time.

In addition, the second and third entries on the Inventory Checklist, those bearing serial numbers NTLAD-675C and 10-1201, are the subject of a pending sale by Blue Porpoise to a third party. Blue Porpoise will ensure that the proceeds from this sale are remitted directly to Specialty Finance provided that Blue Porpoise receives adequate assurances from Specialty Finance that Specialty Finance will forbear any further prejudgment collection activities. Blue Porpoise will segregate the funds received from the sale of these items and will stand prepared to forward the funds to Specialty Finance at once.

Once this sale is complete, Blue Porpoise will hold just four items of unsold Collateral, two boats and two engines. For this Collateral, Blue Porpoise will owe Specialty Finance

approximately $60,000. The reduction of the debt owing by Blue Porpoise to Specialty Finance from $234,475.00 at the time of the complaint to just $60,000 is persuasive evidence that the extraordinary ex parte relief sought is entirely unnecessary, burdensome and inappropriate on an ex parte basis.

## III.

### SEVERAL LEGAL ISSUES REMAIN WHICH PRECLUDE THE RELIEF SOUGHT

At this time their remain numerous unresolved factual issues regarding the priority and propriety of Specialty Finance's rights to the Collateral which make the ex parte relief sought inappropriate. A quick review of the records of the California Secretary of State reveals that twenty-four UCC Financing Statements have been filed against Blue Porpoise. It is unclear what priority Specialty Finance has to the Collateral relative to the other parties with UCC Financing Statements on file. Further, counsel for Blue Porpoise has not yet had an adequate opportunity to analyze Specialty Finance's claimed security interest. Absent a timely review of such issues, the court should not grant the relief sought on such short notice.

## IV.

### CONCLUSION

As a result of Blue Porpoise's substantial payments over the past eighteen months and Blue Porpoise's continuing assurances of future payments to Specialty Finance upon receipt of adequate assurances, Blue Porpoise requests that the Court deny the Ex Parte Application and stay further proceedings in the instant action for a period of ninety days, to permit Blue Porpoise sufficient breathing room to sell the remaining Collateral of

1  Specialty Finance and pay off all amounts owing to Specialty
2  Finance.  In addition, Blue Porpoise requests that the Court set
3  a hearing on this matter to permit the parties an opportunity to
4  present their positions more fully to the Court.

5  Dated:  August 1, 2001

By _____
JEFFRY A. DAVIS
EVAN R. SOREM
GRAY CARY WARE & FREIDENRICH LLP
Attorneys for Defendants Apollo
Fisheries Service, Inc., dba
Blue Porpoise Marine

```
 1  JEFFRY A. DAVIS (Bar No. 103299)
    EVAN R. SOREM (Bar No. 185588)
 2  GRAY CARY WARE & FREIDENRICH LLP
    401 B Street, Suite 1700
 3  San Diego, CA 92101-4297
    Tel: 619-699-4791
 4  Fax: 619-699-2701

 5  Attorneys for Defendants
    Apollo Fisheries Service, Inc., dba Blue
 6  Porpoise Marine, Natalie Cintas-Gladnick and
    Ronald Gladnick
 7
 8                   UNITED STATES DISTRICT COURT
 9                  SOUTHERN DISTRICT OF CALIFORNIA
10
```

| | |
|---|---|
| BANC OF AMERICA SPECIALITY FINANCE, INC., a North Carolina Corporation, successor-in-interest and formerly known as NATIONSCREDIT COMMERCIAL CORPORATION OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>APOLLO FISHERIES SERVICE, INC. dba BLUE PORPOISE MARINE; NATALIE CINTAS-GLADNICK, an individual, and RONALD GLADNICK, an individual,<br><br>    Defendants. | CASE NO. 01 CV 1206 BTM (LSP)<br><br>**PROOF OF SERVICE** |

I am a resident of the state of California, over the age of eighteen years, and not a party to the within action. My business address is Gray Cary Ware & Freidenrich, 401 B Street, Suite 1700, San Diego, California 92101-4297. On August 1, 2001, I served the within documents:

**OPPOSITION TO PLAINTIFF BANC OF AMERICA SPECIALTY FINANCE, INC.'S APPLICATION FOR EX PARTE WRIT OF POSSESSION AND TEMPORARY RESTRAINING ORDER**

**DECLARATION OF NATALIE CINTAS-GLADNICK IN SUPPORT OF OPPOSITION TO BANC OF AMERICA SPECIALTY FINANCE, INC.'S APPLICATION FOR EX PARTE WRIT OF POSSESSION AND TEMPORARY RESTRAINING ORDER**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☒ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

<u>Attorneys for Plaintiff</u>
Richard M. Segal, Esq.
Michelle L. Adams, Esq.
Pillsbury Winthorp LLP
101 W. Broadway
Suite 1800
San Diego, CA 92101-8219
Tel: 619-234-5000
Fax: 619-236-1995

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

    I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

    Executed on August 1, 2001, at San Diego, California.

*June L. Green* (signature)
June L. Green

GRAY CARY WARE
& FREIDENRICH LLP

SD\1459781.1
2103288-1

01 CV 1206

-2-

```
 1  JEFFRY A. DAVIS (Bar No. 103299)
    EVAN R. SOREM (Bar No. 185588)
 2  GRAY CARY WARE & FREIDENRICH LLP
    401 B Street, Suite 1700
 3  San Diego, CA 92101-4297
    Tel: 619-699-4791
 4  Fax: 619-699-2701

 5  Attorneys for Defendants
    Apollo Fisheries Service, Inc., dba Blue
 6  Porpoise Marine, Natalie Cintas-Gladnick and
    Ronald Gladnick
 7
                    UNITED STATES DISTRICT COURT
 8
                   SOUTHERN DISTRICT OF CALIFORNIA
 9

10
11  BANC OF AMERICA SPECIALITY        CASE NO. 01 CV 1206 BTM (LSP)
    FINANCE, INC., a North
12  Carolina Corporation,             PROOF OF SERVICE
    successor-in-interest and
13  formerly known as
    NATIONSCREDIT COMMERCIAL
14  CORPORATION OF AMERICA,

15            Plaintiff,

16       v.

17  APOLLO FISHERIES SERVICE,
    INC. dba BLUE PORPOISE
18  MARINE; NATALIE CINTAS-
    GLADNICK, an individual, and
19  RONALD GLADNICK, an
    individual,
20
              Defendants.
21
22
23       I am a resident of the state of California, over the age of
    eighteen years, and not a party to the within action.  My
24  business address is Gray Cary Ware & Freidenrich, 401 B Street,
    Suite 1700, San Diego, California 92101-4297.  On August 1, 2001,
25  I served the within documents:

26       **OPPOSITION TO PLAINTIFF BANC OF AMERICA SPECIALTY FINANCE,
         INC.'S APPLICATION FOR EX PARTE WRIT OF POSSESSION AND
27       TEMPORARY RESTRAINING ORDER**

28
```

GRAY CARY WARE   SD\1459779.1                                01 CV 1206
& FREIDENRICH LLP  2103288-1
                              -1-           ORIGINAL

DECLARATION OF NATALIE CINTAS-GLADNICK IN SUPPORT OF OPPOSITION TO BANC OF AMERICA SPECIALTY FINANCE, INC.'S APPLICATION FOR EX PARTE WRIT OF POSSESSION AND TEMPORARY RESTRAINING ORDER

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

<u>Attorneys for Plaintiff</u>
Jennie L. La Prade, Esq.
Pillsbury Winthrop LLP
725 S. Figueroa Street
Suite 2800
Los Angeles, CA 90017-5406
Tel: 213-488-7100
Fax: 213-629-1033

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed on August 1, 2001, at San Diego, California.

_June L. Green_
June L. Green

GRAY CARY WARE & FREIDENRICH LLP

SD\1459779.1
2103288-1

01 CV 1206

-2-