








```
LMM    8/6/01    12:16
3:01-CV-01206    BANC OF AMERICA V. APOLLO FISHERIES
*21*
*TRO.*
```



1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANC OF AMERICA SPECIALTY FINANCE, INC., a North Carolina Corporation, successor-in-interest and formerly known as NATIONSCREDIT COMMERCIAL CORPORATION OF AMERICA, <br><br>   Plaintiff, <br> vs. <br><br> APOLLO FISHERIES SERVICE, INC. dba BLUE PORPOISE MARINE; NATALIE CINTAS-GLADNICK, an individual, and RONALD GLADNICK, an individual, <br><br>   Defendants. | CASE NO. 01CV1206 BTM (LSP) <br><br> **TEMPORARY RESTRAINING ORDER** |

   Specialty Finance, formerly NationsCredit Commercial Corporation of America, entered into a "Security Agreement-Inventory" ("Agreement") with Blue Porpoise Marine ("Blue Porpoise"). Pursuant to the Agreement, Specialty Finance agreed to finance Blue Porpoise's purchase of boat and engine inventory. In turn, Blue Porpoise granted Specialty Finance a security interest in Blue Porpoise's inventory and other property. Specialty Finance perfected its interest by recording an executed UCC-1 Financing Statement with the California Secretary of State in August of 1997.

   In May of 2001, Specialty Finance determined that Blue Porpoise defaulted as a result of its failure to make payments due under the Agreement. Accordingly,

1  Specialty Finance accelerated Blue Porpoise's indebtedness and demanded payment
2  in full, as provided for in the Agreement.

3      On July 17, 2001, Specialty Finance employee Kevin Culwell ("Culwell")
4  surveyed the Blue Porpoise inventory that is financed by Specialty Finance. (*See*
5  Wood Decl., ¶ 6.) Upon inspection, Culwell determined that a boat and two engines
6  were missing. (Id.) Culwell was told that the missing inventory was sold for $98,080.
7  (Id.) According to Specialty Finance's Vice President of Special Assets, Allen Wood,
8  Blue Porpoise has not remitted proceeds from the sale of the boat and engines, which
9  constitutes another default under the Agreement. (Id., ¶ 9.)

10      A Temporary Restraining Order ("TRO") will be granted when the moving party
11  shows either "(1) a combination of probable success on the merits and the possibility
12  of irreparable injury, or (2) that serious questions are raised and the balance of
13  hardships tips sharply in favor of the moving party." Stuhlbarg Int'l Sales Co, Inc. v.
14  John D. Brush & Co., Inc., 240 F.3d 832, 839 (9th Cir. 2001). "These standards are
15  not separate tests but the outer reaches of a single continuum." Id. (quotations
16  omitted). A TRO is not an "adjudication on the merits, but a device for preserving the
17  status quo and preventing the irreparable loss of rights before judgment." Textile
18  Unlimited, Inc. v. A. BMH & Co., Inc., 20 F.3d 781, 786 (9th Cir. 2001).

19      Blue Porpoise does not dispute that it is financially indebted to Specialty
20  Finance. Blue Porpoise similarly does not deny that it sold inventory financed by
21  Specialty Finance for $98,080. Further, Blue Porpose does not dispute that it owes
22  the proceeds of that sale to Security Finance. In fact, Blue Porpoise maintains that
23  it has "segregated these funds and stands prepared to forward the funds to Specialty
24  Finance at once." (Gladnick Decl., ¶ 7.) Accordingly, the likelihood that Specialty
25  Finance will prevail on the merits is high.

26      Specialty Finance maintains that it will be irreparably harmed if further inventory
27  is sold and proceeds are not remitted to Specialty Finance because there will be no
28  remaining collateral to retire Blue Porpoise's outstanding debt. The Court agrees.

Moreover, the Court finds that the balance of the hardships weighs entirely in Specialty Finance's favor. While Specialty Finance could potentially lose its security interest, Blue Porpoise experiences no hardship whatsoever in remitting proceeds from sales that it is already obligated to pay to Specialty Finance as set forth under the Agreement.

Accordingly, Apollo Fisheries Service, Inc. dba Blue Porpoise Marine, their officers, directors, managers, members, employees, servants, agents and representatives are hereby restrained from:

(1) disposing of, disbursing, or transferring funds or proceeds generated by the sale of any of the bellow listed inventory to any party other than plaintiffs.

> Model No: 208ADVEN
> Serial No: NTLAD570J
> Blue Porpoise Marine
> 1455 West Morena Blvd.
> San Diego, CA 92110

and

> Model No: 200 HP
> Serial No: 100119
> Blue Porpoise Marine
> 1455 West Morena Blvd.
> San Diego, CA 92110

and

> Model No: 200HP
> Serial No: 101202
> Blue Porpoise Marine
> 1455 West Morena Blvd.
> San Diego, CA 92110

and

> Model No: 208ADVEN
> Serial No: NTLAD675C
> Blue Porpoise Marine
> 1455 West Morena Blvd.
> San Diego, CA 92110

and

> Model No: 233TOURN
> Serial No: NTLBK325
> Blue Porpoise Marine
> 1455 West Morena Blvd.
> San Diego, CA 92110

1         and

2         Model No: 200HP
Serial No: 102730
Blue Porpoise Marine
1455 West Morena Blvd.
San Diego, CA 92110

(2) disbursing or transferring the $98,080 in proceeds from the recent sale of the bellow listed inventory to any party other than plaintiffs.

        Model No: 300MARLI
Serial No: NTLEA341
Blue Porpoise Marine
1455 West Morena Blvd.
San Diego, CA 92110

        and

        Model No: 250HP
Serial No: 1AX105885
Blue Porpoise Marine
1455 West Morena Blvd.
San Diego, CA 92110

        and

        Model No: 250HP
Serial No: 1BX103159
Blue Porpoise Marine
1455 West Morena Blvd.
San Diego, CA 92110

(3) Disposing of, selling, or transferring title to any of the inventory listed in (1) unless for proceeds received ~~in full and fair consideration~~ are the full market value of the inventory sold.

The Court denies the ex parte application for the a writ of possession at this time. The Court will hold a status hearing on August 8, 2001 at 2:30 p.m., and the TRO will remain in effect until the conclusion of such hearing unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

Dated: August 2, 2001
Effective [illegible] PDST
   2:35

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge

cc: Magistrate Judge Papas
All counsel of record