








```
MAM    8/14/01    13:27
3:01-CV-01206    BANC OF AMERICA V. APOLLO FISHERIES
*29*
*PROTO.*
```

Jeffrey M. Wallace / Michele P. Adams #198059
Pillsbury Winthrop LLP
101 West Broadway, Suite 1800
San Diego, CA 92101-8219
TELEPHONE NO: (619) 234-5000    FAX NO: (619) 236-1995
ATTORNEY FOR (Name): Banc of America Specialty Finance, Inc.
NAME OF COURT: United States District Court
STREET ADDRESS: Southern District of California
MAILING ADDRESS: 880 Front Street
CITY AND ZIP CODE: San Diego, CA 92101-8900
BRANCH NAME:

FILED
JG
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

PLAINTIFF: BANC OF AMERICA SPECIALTY FINANCE, INC., etc.

DEFENDANT: APOLLO FISHERIES SERVICE, INC., etc., et al.

**TEMPORARY PROTECTIVE ORDER**

CASE NUMBER: 01cv1206 BTM (LSP)

1. The court has considered the application of plaintiff for
   a. ☐ a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order.
   b. ☒ an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

*The Court relies on the full record in 01CV1206 already before the Court.*

**FINDINGS**

2. THE COURT FINDS
   a. Defendant is a ☒ natural person  ☐ partnership  ☐ unincorporated association  ☐ corporation  ☐ other (specify):
   b. The amount sought to be secured by the attachment under the application for the right to attach is: $ 316,869.63
   c. The claim upon which the application for attachment is based is one upon which an attachment maybe issued under Code of Civil Procedure section 483.010.
   d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.
   e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based
   f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
      (1) ☒ There is a danger that the property sought to be attached would be
         (a) ☒ concealed
         (b) ☒ substantially impaired in value.
         (c) ☒ made unavailable to levy by other than concealment or substantial impairment in value.
      (2) ☒ Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
      (3) ☐ A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) ☐ An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) ☐ Other circumstances:

   g. ☐ The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
   h. Plaintiff must file an undertaking in the amount of: $ 7,500.00    before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.
   i. The property subject to the following order is: See Exhibits "A" and "B" attached hereto and made a part hereof.

(Continued on reverse)

Form Approved for Optional Use
Judicial Council of California
AT-140 [Rev. January 1, 2000]

**TEMPORARY PROTECTIVE ORDER**
**(Attachment)**

29

Code of Civil Procedure,
§§ 482.030, 486.010 et seq.

2000 (C) American LegalNet, Inc.

2. j. [ ] The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary course of business *(specify)*:

   k. [ ] Other *(specify)*:

## ORDER

3. THE COURT ORDERS
   a. Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings.
   b. [ ] Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under the following restrictions:

   c. [X] Other *(specify)*: That defendant Natalie Cintas-Gladnick and her agents, employees, representatives and/or anyone acting on behalf of or in concert with Natalie Cintas-Gladnick, be enjoined and restrained from encumbering, disposing of, removing, assigning, hypothecating, transferring, selling, concealing, destroying, or substantially impairing the value of any of the property described in Exhibits "A" and "B" attached hereto and made a part hereof.
   d. This order shall expire at the earliest of the following times:
      (1) when plaintiff levies upon specific property described in this order,
      (2) after *(date)*:                                   , or
      (3) 40 days after the issuance of this order.

4. Number of pages attached: 4

Date: August 10, 2001

BARRY TED MOSKOWITZ
(TYPE OR PRINT NAME)

_____ (SIGNATURE OF JUDGE OR COMMISSIONER)

---

**NOTICE TO DEFENDANT:** An undertaking has been filed with the court by plaintiff. You may object to the undertaking.
a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes:
   (1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.
   (2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.
   (3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.
   (4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action.
b. In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not exceed the greater of the following:
   (1) The amount by which the total amount on deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.
   (2) One thousand dollars ($1,000).
c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

| [SEAL] | CLERK'S CERTIFICATE |
|---|---|
|  | I certify that the foregoing is a correct copy of the original on file in my office. |
|  | Date: |
|  | Clerk, by _____, Deputy |

AT-140 [Rev. January 1, 2000]          **TEMPORARY PROTECTIVE ORDER**          Page two
                                                      **(Attachment)**

2000 (C) American LegalNet, Inc

<u>NATALIE CINTAS-GLADNICK</u>

<u>EXHIBIT "A"</u>

<u>Property No. 1</u>

<u>Common Address</u>

1025 Guizot Street
San Diego, CA 92107-4024
Assessor's Parcel No. 531-020-22-00

<u>Legal Description</u>

The following described real property in the City of San Diego, County of San Diego, State of California:

Parcel B of Parcel Map No. 686, filed in the Office of the San Diego County Recorder December 7, 1971, being a portion of Lots 21 and 22, Block 25 of SUNSET CLIFFS, in the City of San Diego, County of San Diego, State of California, according to Map thereof No. 1889, filed in the Office of the County Recorder of San Diego County, March 1, 1926.

This property is owned in common with R.C. Gladnick & Natalie Cintas-Gladnick, Trustees of the Gladnick Family Trust dated 12/09/1999, 1025 Guizot Street, San Diego, CA 92107.

20331500v1

## Property No. 2

### Common Address

1244 Knoxville Street
San Diego, CA 92110-3717
Assessor's Parcel No. 436-020-4300

### Legal Description

The following described real property in the County of San Diego, State of California:

Parcel 4, in the City of San Diego, County of San Diego, State of
California, as shown at page 13992 of Parcel Maps, filed in the
office of the County Recorder of San Diego County, October 22,
1985 as File No. 85-392674 of Official Records.

This property is owned in common with Ronald Gladnick, 2608 Temple Heights Drive, Oceanside, CA 92056-3512.

<u>**NATALIE CINTAS-GLADNICK**</u>

<u>**EXHIBIT "B"**</u>

1. <u>Tangible Personal Property</u>

    (1) Antiques, Jewelry, heirlooms and works of art, to the extent that the value thereof exceeds $2,500 (C.C.P. §704.040).

    Tools, instruments, materials, furnishings, books, and equipment, except that the first $2,500 in aggregate equity therein is exempt from attachment or judgment if these items are reasonably necessary to, and actually used in, the conduct of a trade or business (C.C.P. §704.060).

2. <u>Other Property</u>

    (1) <u>Shares of Stock</u> (C.C.P. §487.010)

        (a) All shares of stock held in Apollo Fisheries Service, Inc., dba Blue Porpoise Marine

    (2) All Interests in the following entity: (C.C.P. §487.010)

        (a) Apollo Fisheries Service, Inc., dba Blue Porpoise Marine

    (3) <u>Deposit Accounts</u> (C.C.P. §487.010)

    All money in the possession, on the premises, or in deposit accounts of or belonging to defendant, to the extent that the aggregate amount thereof exceeds $1,000 (C.C.P. §487.010).

    (4) <u>Notes (Receivables)</u> (C.C.P. §487.010)

        (a) All Promissory Notes and/or Deeds of Trust or other evidence of indebtedness owed to Defendant;

    (5) Accounts receivable, chattel paper, and general intangibles arising from defendant's conduct of a trade or business to the extent that any individual such item exceeds $150.00 in principal balance (C.C.P. §487.010);

    (6) Negotiable documents of title, securities, instruments, equipment, farm products, and inventory (C.C.P. §487.010);

    (7) Final money judgments arising from the conduct by the defendant of a trade, business or profession (C.C.P. §487.010);

    (8)    The aggregate loan value of unmatured life insurance policies to the extent that such value exceeds $4,000 (C.C.P. §704.100).

## Method of Levy

1.  (1)  Method of Levy provided by California Code of Civil Procedure § 488.335.

2.  (1)  Method of Levy provided by California Code of Civil Procedure § 488.450, and Commercial Code § 8317.

   (2)  Method of Levy provided by California Code of Civil Procedure § 488.335 and § 488.470.

   (3)  Method of Levy provided by California Code of Civil Procedure § 488.455 and §488.465.

   (4)  Method of Levy provided by California Code of Civil Procedure § 488.440 and/or § 488.445.

   (5)  Method of Levy provided by California Code of Civil Procedure § 488.435 and § 488.470 and §700.100.

   (6)  Method of Levy provided by California Code of Civil Procedure § 488.445, §700.120, §488.450, §488.440, §700.110, §488.375, §488.395, §488.405, and California Commercial Code §8317.

   (7)  Method of Levy provided by California Code of Civil Procedure § 488.480.

   (8)  Method of Levy provided by California Code of Civil Procedure § 488.470.

20331836v1