















```
BJR    8/22/01    14:15
3:01-CV-01206   BANC OF AMERICA V. APOLLO FISHERIES
*52*
*O.*
```



FILED
AUG 21
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANC OF AMERICA SPECIALTY FINANCE, INC., a North Carolina Corporation, successor-in-interest and formerly known as NATIONSCREDIT COMMERCIAL CORPORATION OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>APOLLO FISHERIES SERVICE, INC. dba BLUE PORPOISE MARINE; NATALIE CINTAS-GLADNICK, an individual, and RONALD GLADNICK, an individual,<br><br>Defendants. | CASE NO. 01CV1206 BTM (LSP)<br><br>**NOTICE OF CONTEMPT HEARING** |

On August 16, 2001, the Court held a hearing at which time the Court advised defendants Apollo Fisheries Service, Inc. dba Blue Porpoise Marine ("Blue Porposie") and Natalie Cintas-Gladnick ("Gladnick") that criminal contempt proceedings will go forward in the above captioned case. The Court appointed the United States Attorney to prosecute the case, and set the case for trial on September 19, 2001 at 2:30 p.m. The Court advised defendants that they are not entitled to a jury, as the Court will not impose a sentence of more than six months of custody should defendants be found in contempt.

The Court gave notice to the defendants, who were present in court, of the essential facts constituting the criminal contempt with which they are charged. The allegations are as follows:

1. Gladnick, on behalf of herself and Blue Porpoise, willfully made false statements to the Court under penalty of perjury in a declaration filed with the Court on August 1, 2001 at 9:10 a.m. The alleged false statements are as follows:

    a. "Blue Porpoise has segregated these funds [$98,080] and stands prepared to forward the funds to Specialty Finance at once." (Gladnick Decl., ¶ 7.)

    b. "The Ex Parte Application alleges that Blue Porpoise may have utilized funds received from the sale of Specialty Finance's Collateral to pay other debts. This is not the case. Blue Porpoise has not utilized funds received from the sale of Specialty Finance's Collateral to pay any other debts." (Gladnick Decl., ¶ 8.)

2. Gladnick and/or Blue Porpoise willfully violated the Temporary Restraining Order dated August 2, 2001. Specifically, Gladnick and/or Blue Porpoise were restrained from "disbursing or transferring the $98,080 in proceeds from the recent sale [of certain inventory] to any party other than [Banc of America Specialty Finance, Inc.]." (TRO at 4.)

3. Gladnick and/or Blue Porpoise willfully violated the Order for Turnover of Collateral dated August 8, 2001. Specifically, Blue Porpoise and/or Gladnick were ordered "on or before August 9, 2001 at 12:00 noon PDT [to] immediately transfer possession of [cash sale proceeds in the amount of $98,080.85] directly to [Banc of America Specialty Finance, Inc.] . . . ." (Turnover Order at 2, 4.)

**IT IS SO ORDERED.**

Dated: August 21, 2001

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge

cc: Magistrate Judge Papas
All counsel of record

* William Q. Hayes, AUSA